## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

No. 15-1219

### MICHAEL NARKIN,

Appellant,

v.

### VIBRAM USA, INC. and VIBRAM FIVEFINGERS LLC,

Appellees.

### APPELLEES' MOTION TO STRIKE APPELLANT'S BRIEF
### AND FOR SANCTIONS

Appellees Vibram USA, Inc. and Vibram Fivefingers LLC (collectively "Appellees"),

pursuant to Fed. R. App. P. 27, hereby move to strike Pro-Se Objector-Appellant Michael

Narkin's Brief (Docket No. 19) because it does not comply with Federal Rules of Appellate

Procedure 28, 30, and 32. Even a cursory review of Michael Narkin's ("Narkin") filing

demonstrates that he made no attempt to comply with these Rules, and indeed intentionally

presented to this Court a filing that in no way is appropriate to perpetuate an appeal. Appellees

also respectfully request that this Court dismiss this appeal for failure to conform with the Rules,

and further, to dismiss the appeal with prejudice as a sanction for Narkin's inexcusable attempt

to prolong and derail prompt judicial resolution of this case.

### Background

On February 17, 2015, Narkin filed a Notice of Appeal in the U.S. District Court for the

District of Massachusetts, seeking review of that Court's January 21, 2015 final approval of a

class action settlement. Narkin objected to the approval of that settlement. The District Court

1

considered and rejected each of Narkin's objections, and approved finally the class settlement. Narkin subsequently docketed his appeal of the District Court's ruling in this Court on February 19, 2015.  *See Narkin v. Vibram USA, Inc., et al*., No. 15-01219 (1st Cir. Feb 19, 2015).  But he did not pay the filing fee or seek leave to proceed *in forma pauperis* at that time.  Indeed, he did nothing other than indicate he would not participate in the First Circuit's mediation program.

Shortly thereafter, the Clerk issued an order informing Narkin that his appeal would be dismissed for lack of prosecution unless he paid the requisite filing fee or, alternatively, filed a motion to proceed *in forma pauperis*.  (Docket No. 13).  On April 1, 2015, Narkin filed a motion to proceed *in forma pauperis* in this Court, which the Clerk then transferred to the District Court. (Docket No. 15).  No other action was taken.[1]

On May 8, 2015, the Clerk issued a second order finding that Narkin was in default and that the appeal would be dismissed unless he filed the appropriate appellate brief by May 22, 2015.  (Docket No. 18).  Although Narkin filed a document entitled "Pro-Se Objector-Appellant Michael Narkin's Brief," just making the May 22, 2015 deadline, that filing is a brief in title only and fails in the most fundamental ways to satisfy the governing rules. In truth, Narkin's submission is nothing more than a photocopy of select portions of someone else's brief filed in an unrelated case, which Narkin adopted wholesale as his own, adding a few hand-written edits and a "scratch out" of the file-stamp issued by the 11th Circuit.  *See* Ex. A (brief filed in *Gary Varnes, et al. v. JPMorgan Chase Bank, N.A., et al*, No: 1:13-cv-21107-FAM (11th Cir. Oct. 27, 2014)).[2]  The deficiencies with Narkin's "brief" are plentiful, failing against at least three of the

---

[1] In the District Court, Appellees opposed Narkin's motion, citing several instances where other courts have rejected similar requests by Narkin after finding that he was proceeding in bad faith.

[2] Narkin also objected to the settlement agreement in the *Varnes* case, but ultimately voluntarily dismissed his appeal.  *Varnes*, No. 14-11085 (11th Cir. Filed Sept. 18, 2014).

Federal Rules of Appellate Procedure governing the form and content of documents filed in the First Circuit.  Moreover, Narkin's actions here are so intentional and so egregious that the most suitable remedy is for the Court to dismiss his appeal with prejudice.

## Argument

Narkin's May 22nd filing does not conform with the requirements of Federal Rule of Appellate Procedure 28, which expressly requires an appellant to file a brief that contains, "under appropriate headings and in the order indicated," ten specific directives.  *See* Fed. R. App. P. 28(1-10).  Narkin's brief lacks seven of them.  Indeed, Narkin's filing does not include a jurisdictional statement, a statement of the case, a summary of the argument, an appropriate argument section with the standards of review for each issue, or even a conclusion.  *See* Fed. R. App. P. 28(4), (6-9).  Given the absence of such fundamental information this Court could not possibly evaluate the basis for his appeal, nor can the Appellees formulate an adequate response thereto.

From a technical point of view, Narkin's filing also lacks consistency with the governing rules.  It does not, for example, include an appropriately presented table of contents or table of authorities.  *See* Fed. R. App. P. 28(2-3).  In the same way, Narkin's failure to include an appendix, as required by Federal Rule of Appellate Procedure 30, leaves this Court to consider his appeal without the benefit of the relevant docket entries from the District Court.  *See* Fed. R. App. P. 30(a)(1)(A)-(C) (requiring "the relevant portions of the pleadings, charge, findings, or opinion," and the actual "judgment, order, or decision" from which he is appealing to be set forth).  Fed. R. App. P. 30(a)(1)(A)-(C).  And, Narkin's filing contradicts Federal Rule of Appellate Procedure 32, which is designed to ensure that the Court has before it papers of a reasonable quality.  *See, e.g.*, Fed. R. App. P. 32(a)(1)(B) ("Text must be reproduced with a

clarity that equals or exceeds the output of a laser printer.") (emphasis added); Fed. R. App. P.

32(a)(1)(C) ("Photographs, illustrations, and tables may be reproduced by any method that

results in a good copy of the original . . . .") (emphasis added); Fed. R. App. P. 32(a)(3) ("The

brief must be bound in any manner that is secure [and] does not obscure the text . . .") (emphasis

added).

Narkin's photocopied submission, which is difficult to read and in some cases,

incompletely copied, or presented sideways on the page, simply does not conform with the Rules.

At bottom, Narkin's hand-doctored plagiarized pages are not sufficient to prosecute an appeal

before this Court.

While this Court has the discretion to, and indeed sometimes does, waive compliance

with some of these technical requirements in appropriate circumstances,[3] Narkin should not be

awarded such leniency.  Narkin is, as other federal courts have recognized, "a former attorney

who resigned from the California Bar facing 16 counts of misconduct," who is not unfamiliar

with the legal system.  *Larsen v. Trader Joe's Co.*, 3:11-cv-05188 (N.D. Cal. Oct. 24, 2011)

(Docket No. 121, at *12, n.5).  In fact, after being forced to resign from the legal profession,

Narkin has chosen to make his living working as "a serial objector, whose carbon-copy

objections district courts frequently reject as baseless," and mere attempts to derail fair and

reasonable class action settlements to support his personal livelihood.  *In re: Polyurethane Foam*

*Antitrust Litig.*, 1:10-md-02196 (N.D. Ohio, Dec. 2, 2012) (Docket No. 1534, at 11).  Narkin has,

---

[3] Narkin is not saved by the fact that is he proceeding *pro se* or has filed a motion to proceed *in forma pauperis*.  *See Neverson v. Bissonnette*, 242 F. Supp. 2d 78, 88 (D. Mass. 2003) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000); *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979)) ("[W]hile it is true that a *pro se* litigant is not held to the standards of an attorney, he may not roam freely beyond the procedural walls of the law."); *see also* L.R. 30(d) (excusing a pro se appellant proceeding *in forma pauperis* from being required to file an appendix).

in at least eight cases to date (not counting this case), launched objections in form and content that mirror those presented here,[4] and he has filed appeals in five of those cases.  *See supra* n.4.

Narkin's pattern of filing motions to proceed *in forma pauperis* have similarly been regarded by other courts as an unfavorable tactic designed to perpetuate these frivolous appeals. *See, e.g.*, *Arnold v. FitFlop USA, LLC*, 3:11-cv-00973 (S.D. Cal. May 4, 2011) (Docket No. 123) (rejecting Narkin's motion to proceed *in forma pauperis*, expressly noting that "the Court also finds that Applicant's appeal is not taken in good faith.").

Narkin has engaged in a practice of injecting himself into class action lawsuits, in which he is not a party and has no interest.  He seeks only to stall and derail resolution of those cases so that he may negotiate some personal pecuniary benefit from those who seek prompt and fair judicial resolution of the issues.  Narkin's actions are intentional and should not be condoned.  In fact, they should be sanctioned.  L.R. 38 ("When any party to a proceeding before this court or any attorney practicing before the court files a motion, brief, or other document that is frivolous or interposed for an improper purpose, such as to harass or to cause unnecessary delay, or unreasonably or vexatiously increases litigation costs, the court may, on its own motion, or on motion of a party, impose appropriate sanctions on the offending party, the attorney, or both."). This Court should dismiss this appeal with prejudice, which is the most appropriate sanction in circumstances like Narkin presents here.

---

[4] *Aguiar, et al. v. Merisant Co., et al.*, 2:14-cv-00670 (C.D. Cal. Jan. 28, 2014) (Docket No. 121 (objections), No. 131 (appeal)); *Herrick et al. v. JP Morgan Chase Bank, N.A., et al.*, 1:13-cv-21107 (S.D. Fla. Mar. 28, 2013) (Docket No. 104 (objections), No. 127 (appeal)); *Miller, et al. v. Ghirardelli Choc. Co.*, 12-cv-04936 (N.D. Cal. Sept. 21, 2012) (Docket No. 159 (objections)); *Larsen v. Trader Joe's Co.*, No. 3:11-cv-05188 (N.D. Cal. Oct. 24, 2011) (Docket No. 102 (objections), No. 127 (appeal)); *Rose v. Bank of America*, No. 5:11-cv-02390 (N.D. Cal. May 16, 2011) (Docket No. 79 (objections)); *Arnold v. FitFlop USA, LLC*, 3:11-cv-00973 (S.D. Cal. May 4, 2011) (Docket No. 119 (objections), No. 122 (appeal)); *In re: Polyurethane Foam Antitrust Litig.*, 1:10-md-02196 (N.D. Ohio, Dec. 2, 2012) (Docket No. 1472 (objections); (Docket No. 1620 (appeal)); *Demmick v. Cellco P'ship d/b/a Verizon Wireless*, No. 2:06-cv-2163 (D.N.J. May 11, 2006) (Docket No. 165 (objections)).

**Conclusion**

For the foregoing reasons, Appellees respectfully request that the Court strike Narkin's

Pro-Se Objector Appellant's Brief and dismiss his appeal with prejudice.


Dated:  June 1, 2015.                                    Respectfully Submitted,
        Boston, Massachusetts

                                                         DEFENDANTS

                                                         VIBRAM USA INC. and VIBRAM
                                                         FIVEFINGERS LLC,

                                                         By their counsel,

                                                         /s/ Dana Baiocco_____
                                                         Dana Baiocco (Bar No. 1168967)
                                                         Christopher M. Morrison (Bar No. 84790)
                                                         JONES DAY
                                                         100 High Street, 22nd Floor
                                                         Boston, Massachusetts 02110
                                                         Telephone: (617) 449-6895
                                                         Facsimile: (617) 449-6999
                                                         cmorrison@jonesday.com



**CERTIFICATE OF SERVICE**

    I, Dana Baiocco, hereby certify that a true copy of the foregoing document filed through
the ECF system will be electronically sent to the registered participants as identified on the
Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered
participants on June 1, 2015.

                                                         /s/ Dana Baiocco_____
                                                         Dana Baiocco